IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILISSA JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 2:07CV273-WKW |
| v. ) | |
| ) | |
| FLYING J, INC. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et. seq.* and the Civil Rights Act of 1991.

2. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3. The unlawful employment practices and acts of discrimination about which the Plaintiff complains were committed in Montgomery County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff, Milissa Jones, is a female citizen of the United States over the age of nineteen (19). At all material times, she was a resident of the State of Alabama.

5. Defendant, Flying J, Inc. ("Flying J") is, upon information and belief, incorporated

in the State of Utah and licensed to do business in the State of Alabama.

## ADMINISTRATIVE REMEDIES

6. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the acts of discrimination of which she now complains. See Exhibit "A".

7. The Plaintiff received a Notice of Right to Sue letter from the EEOC within 90 days of filing this action. See Exhibit "B".

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

9. The Plaintiff began her employment with the Defendant on or about December 8, 2005.

10. During the course of her employment by the Defendant, the Plaintiff was subjected to a sexually hostile work environment due to the misconduct of Butch Jacobs, the Defendant's General Manager at the location in which the Plaintiff was employed. Jacobs' conduct included unwelcome, severe and pervasive sexually charged comments and touchings directed at the Plaintiff.

11. On or about March 30, 2006, the Plaintiff opposed what she reasonably believed to be unlawful conduct on the part of Jacobs and the Defendant by reporting Jacobs' sexual misconduct to the Defendant's corporate office.

12. Subsequent to reporting Jacobs' conduct, other managers and employees of the Defendant began to retaliate against her by treating her with hostility, ostracizing her and/or refusing to cooperate with her in connection with the performance of her duties.

13. On or about April 18th and 20th 2006, the Plaintiff opposed what she reasonably believed to be unlawful conduct by reporting the conduct described above to the Defendant's corporate office.

14. On or about April 21, 2006, the Defendant terminated the Plaintiff's employment.

15. The reason for the Plaintiff's termination given by the Defendant, excessive unexcused absences, is a pretext for discrimination and/or retaliation.

16. The Plaintiff's termination is casually related to her opposition of conduct she reasonably believed to be unlawful under Title VII.

## COUNT ONE

### TITLE VII
### (Sexual Harassment- Hostile Work Environment)

17. The Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

18. The above-described wrongful conduct constitutes the creation and/or allowance of a sexually charged hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et. seq.* and the Civil Rights Act of 1991.

## COUNT TWO

### TITLE VII
### (Retaliation)

19. The Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

20. The above-described wrongful conduct constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et. seq.*

and the Civil Rights Act of 1991.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests the entry of judgment under Title VII against the Defendant, pursuant to an Order by which the Court:

(a) awards back pay and front pay;

(b) awards compensatory damages for mental anguish;

(c) awards punitive damages;

(d) awards injunctive relief;

(e) awards that relief which is fair, reasonable and just;

(f) awards a reasonable attorney's fee; and

(g) taxes costs against the Defendants.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY.**

*[signature]*

Adam P. Morel
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL**:

**LAW OFFICES OF ADAM MOREL, LLC**
517 Beacon Parkway West
Birmingham, Al 35205
*Telephone (205) 252-8841*
*Facsimile (205) 252-3727*

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Flying J, Inc.
c/o CSC - Lawyers Incorporating Service, Inc
150 South Perry Street
Montgomery, Al 36104

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 420-2006-02684 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Milissa Jones | 334-356-5060 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 229-A Erwin Court | Montgomery, AL 36115 | 1-17-79 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Flying J Inc. | 15+ | 801-624-1000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1104 Country Hills Drive | Ogden, Utah 84403 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
                       4-21-06

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

RECEIVED EEOC
MAY 17 2006
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

[signature] May 9, 2006
Date    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (10/94)

**EXHIBIT A**

EEOC Charge Attachment                                                                         Pg. 1/3
Milissa Jones v. Flying J Inc.

      My name is Melissa Jones. I was employed by Flying J as Convenience Store Manager at its location in Hope Hull, Alabama from December 8, 2005 until my termination on April 21, 2006.

      During the course of my employment, I was sexually harassed by Convenience Store General Manager Butch Jacobs. The harassment began shortly after I was hired and continued until approximately early April of 2006. I reported the conduct to the corporate office through correspondence from my attorney dated March 30, 2006.

      I had not contacted the corporate office before that time because Mr. Jacobs had chastised other employees for contacting the corporate office with problems. In addition, because I knew upper level management had been aware of prior inappropriate conduct and failed to address it, I believed contacting them would be futile and had little confidence that making such a complaint would be effective. I felt this way due to my knowledge that my District Manager had recently been not only present but actually got on stage with the dancers at a strip club where he himself engaged in inappropriate conduct. This was a regular conversation piece among the company managers and undermined any confidence I had in company management adequately addressing my concerns. In addition, Mr. Jacob's conduct was well known but ignored for a long time before I was subjected to harassment by him.

      From December until April, Mr. Jacobs regularly directed sexually inappropriate comments toward me. These comments included but were not limited to ongoing comments about the size of his genitalia - which he called his "package" and lewd comments whenever he saw me drinking from a Starbucks bottle or eating certain foods such as corndogs. Jacob's usual comment was "Umm. Let me watch you do that again" and/or "Let [Facility Manager] John see you do that." In addition, Jacobs regularly made comments to me about his personal sexual practices such as "I like to please my partner" and "In bed, I'm the kind of man who isn't finished until my partner is pleased." Jacobs also made comments about my looks, comparing me to other employees. On several occasions, Jacobs discussed pornographic videos while at work. After hearing that a prostitute was on the premises, Jacobs asked if she was good looking, stating "Don't kick her out, come get me instead." Jacobs also discussed a prior affair he had with a co-worker at another place of business from time to time.

      In addition to the making sexually charged comments, Jacobs also repeatedly touched me in sexually offensive ways. On a regular basis, and apparently whenever he could manage to do it, Jacobs pressed his pelvis into my buttocks and front side. On five or six occasions, he tried to pull me down into his lap. He repeatedly placed his hands on my legs and attempted to massage my shoulders. He hugged me against my will both from the front and the side. On one occasion, Jacobs grabbed the back of my pants and forced his fingers into my undergarment.

      I always made it clear that this conduct was offensive and unwelcome. Jacobs often made it clear that he understood I was upset by it because he had conversations with Facility Manager

John Frazier in which he would laugh while Jacobs pointed out that sex talk made me uncomfortable. In one such conversation, Jacobs said "It embarrassed her so bad she left the room."

I believe another female employee had previously been fondled by Jacobs. I believe upper management had been aware for some time about Jacobs and my DM and other managers visiting a strip club while on company training time in Texas in 2005.

After my attorney wrote a letter on my behalf reporting this conduct to upper management, the company fired Jacobs for sexual harassment. From that point on, I was isolated by other company managers at work, not provided information I needed to do my job and treated with contempt. The morning after the investigation began, the merchandise manager verbally attacked me indicating she was aware that I had reported various problems to management. Subsequently, the accounting manager refused to communicate with me when I needed the phone number of a newly hired employee. Realizing my knocks on the closed office door were being ignored, I called into the office by telephone and was told the managers weren't sure if they wanted to hear anything I had to say. I was treated rudely and unprofessionally by management and several cashiers told me that they were told I "made everything up." I was told that with Mr. Jacobs gone, I would be expected to work even more hours than the significant overtime I had already been working. It was also made clear that I was to bring back a back up manager who I had let go previously or that I would be forced to work unscheduled hours on my son's birthday. Once I re-hired that individual, the DM made caustic remarks toward me for bringing her back.

My attorney wrote a second letter to the company on my behalf reporting the above retaliatory conduct which was received by the company on April 20, 2006. The next day, I was fired.

The reason I was given for my termination was that I had missed too many days of work. I was out for a very short period of time under a doctor's orders because I found out that I was pregnant and had complications which required me to stay home. Half of the days I missed before being fired, were days for which I was not previously scheduled to work in the first place/regular days off. I stayed in contact with the company during this time and informed them that I had a medical problem that the doctor wanted me to stay home for a short time to resolve it. (I did not tell them at that time that I was pregnant - only that I was undergoing tests, was being referred to a specialist and that I would provide a doctor's note for my absences.) During this time, the company had a relief manager whose job was, in part, to be acting manager when necessary and to be there when I was out. No comment was ever made to me that made me believe my job was in jeopardy. In addition, these were the only days I ever missed. I constantly was called in to work extra shifts when others did not show up for work or called out.

Many other employees who had not reported or opposed sexual harassment but who had missed much more time from work than I did were not terminated. They include Laquisha Maghee, Shamaria Bethel and Gennifer Wyatt. Additionally, I believe the company's records

Pg. 3/3

would show that many employees missed as much or more work than I did and were not fired for it. I had never been written up for absences or anything else in my entire time with the company nor was I before being terminated  The company never used the progressive discipline policy before summarily firing me.

I have been sexually harassed and then terminated in retaliation for reporting the harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC
MAY 1 7 2006
BIRMINGHAM DISTRICT OFFICE

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Milissa Jones<br>229-A Erwin Court<br>Montgomery, AL 36115 | From: Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-02684 | Julia Y. Hodge, Investigator | (205) 212-2147 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)                Delner Franklin-Thomas,           22 FEB 2007
                            District Director                 (Date Mailed)

cc: Adam P. Morel, Charging Party's Attorney
    2300 10th Court South
    Birmingham, AL 35205

    Kelly Lowrey, Respondent's Attorney
    1104 Country Hills Drive
    Ogden, UT 84403

**EXHIBIT B**