UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MILISSA JONES, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| versus | * | CASE NO: 2:07 CV273-WKW |
| | * | |
| FLYING J, INC. | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

**COMES NOW** Defendant Flying J Inc. ("Flying J") and submits the following answer and affirmative defenses to Plaintiff's Complaint. All matters not expressly admitted herein are denied.

1.

Flying J admits that Plaintiff has filed this action alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* and the Civil Rights Act of 1991. Flying J, however, denies it violated those laws and further denies that Plaintiff is entitled to the damages and relief she asserts in the Complaint.

2.

To the extent Plaintiff has asserted her claims previously in her EEOC charges, Flying J admits this Court has jurisdiction, although Flying J denies any liability to Plaintiff.

3.

Flying J admits reserve is proper, but denies the allegations of unlawfulness.

4.

1

{L0034413.1}

Flying J admits that Plaintiff is over the age of 19 and during the time Plaintiff was employed by Flying J, she was a resident of the State of Alabama. Flying J denies the remaining allegations contained in Paragraph 4 of the Complaint for lack of sufficient knowledge or information to justify belief in the truth therein.

5.

Flying J admits the allegations contained in Paragraph 5 of the Complaint.

6.

In response to Paragraph 6, Flying J admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission; however, Flying J denies the remaining allegations for lack of sufficient knowledge or information to justify belief in the truth therein.

7.

Flying J denies the allegations contained in paragraph 7 for lack of sufficient knowledge or information to justify belief in the truth therein.

8.

Flying J denies the allegations contained in Paragraph 8 for lack of sufficient knowledge or sufficient information to justify belief in the truth therein.

9.

Flying J admits the allegations contained in Paragraph 9 of the Complaint.

10.

Flying J denies the allegations contained in Paragraph 10 of the Complaint.

11.

{L0034413.1}

Flying J admits that it received correspondence from Plaintiff's counsel dated March 30, 2006, purporting to be a written complaint to Flying J's General Counsel. Flying J denies the remaining allegations contained in Paragraph 11.

12.

Flying J denies the allegations contained in Paragraph 12.

13.

Flying J admits that it received correspondence from Plaintiff's counsel on April 20, 2006 purporting to be a complaint on behalf of Plaintiff to Flying J's Senior Corporate Counsel. Flying J denies the remaining allegations contained in Paragraph 13.

14.

Flying J admits the allegations contained in paragraph 14 of the Complaint.

15.

Flying J admits Plaintiff was discharged for excessive absenteeism. Flying J denies the remaining allegations contained in Paragraph 15.

16.

Flying J denies the allegations contained in Paragraph 16.

17.

In response to Paragraph 17, Flying J repeats and realleges its defenses and responses to Paragraphs 1 through 16 of the Complaint as if copied herein.

18.

Flying J denies the allegations contained in paragraph 18 of the Complaint.

19.

{L0034413.1}

In response to Paragraph 19, Flying J repeats and realleges its defenses and responses to Paragraphs 1 through 18 of the Complaint as if copied herein.

20.

Flying J denies the allegations contained in paragraph 20 of the Complaint.

FURTHER, Flying J is not called upon to affirm or deny the prayer for relief contained in Plaintiffs' Complaint, but affirmatively states that there are no grounds in law or fact that warrant the granting of Plaintiffs' prayer for relief and that the prayer is neither appropriate nor justified.

WHEREFORE, Defendant, Flying J Inc., prays that this, its Answer to the Complaint, be deemed good and sufficient, and that after due proceedings, there be judgment in its favor, and against Plaintiff, Milissa Jones, thereby dismissing her Complaint with prejudice, at Plaintiff's cost, and for such other and further relief as justice and law may require.

## DEFENSES

### First Defense

To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are time barred for failure to exhaust administrative remedies.

### Second Defense

To the extent Plaintiff's Complaint was not filed within 90 days of Plaintiff's receipt of a Notice of Right to Sue, all claims arising out of the underlying charge are time barred under the applicable statute of limitations.

### Third Defense

Flying J denies it is liable to Plaintiff and further denies that Plaintiff has sustained any damages. In the alternative, Plaintiff has failed to mitigate her damages as required by law.

{L0034413.1}

### Fourth Defense

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for recovery of attorneys' fees.

### Fifth Defense

Plaintiff's claim fails to state facts sufficient to constitute a claim for recovery of punitive damages.

### Sixth Defense

All compensatory or punitive damages are limited to the amounts authorized by law, and thus Flying J leads the statutory caps as a defense.

### Seventh Defense

Although Flying J denies that Plaintiff was exposed to a hostile work environment, Flying J asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunity provided or to avoid harm otherwise.

### Eighth Defense

To the extent Flying J discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge under company policy, aside from the policy violation for which she was terminated for violating, Plaintiff's right to recover damages beyond the date of such recovery will be cut off.

### Ninth Defense

To the extent Plaintiff's hostile environment claim is based on timely as well as untimely conduct, all untimely acts are barred by laches.

{L0034413.1}

## Tenth Defense

Notwithstanding Flying J's general denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Flying J affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor.

## Eleventh Defense

Flying J denies that any of its employees engaged in the unlawful conduct alleged by Plaintiff, but in the alternative, pleads that it is not vicariously liable for such conduct on the grounds that even if it occurred, such conduct was outside the course and scope of employment, not employment rooted, or incidental to the duties of employment.

## Twelfth Defense

To the extent that any injuries alleged by Plaintiff are compensable under or are covered by applicable workers' compensation laws, the exclusive remedy for some or all of Plaintiff's allegations is workers' compensation.

## Thirteenth Defense

At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this Answer based on discovery of additional information or affirmative defenses at a later date up to and including the time of trial.

6

Respectfully submitted,


/s/ Audrey Y. Dupont
Carole G. Miller
Audrey Y. Dupont
**Maynard Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1096
Facsimile: (205) 254-1999
Email: cmiller@maynardcooper.com

{L0034413.1}

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon counsel of record for all parties by depositing same, postage prepaid, in the United States mail, this 24th day of April, 2007, addressed as follows:

Attorney for Plaintiff,
Adam Morel
517 Beacon Parkway West
Birmingham, AL 85205

/s/ Audrey Y. Dupont

Of Counsel

{L0034413.1}