UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MILISSA JONES,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CASE NO: 2:07 CV273-WKW |
| | * | |
| **FLYING J, INC.** | * | |
| | * | |
| **Defendant**. | * | |
| | * | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on June 20, 2008, wherein the following proceedings were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL**:

    **Parties:**

    **Plaintiff:**    Milissa Jones
    **Defendant:**  Flying J Inc.

    **Trial Counsel for Plaintiff:**

    Adam P. Morel
    Law Offices of Adam Morel, LLC
    517 Beacon Parkway West
    Birmingham, AL 35209-3107

**Trial Counsel for Defendant:**

Robert Worley, Jr.
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100

And

Olivia Regard
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
500 Dover Boulevard, Suite 120
Lafayette, Louisiana 70503

And

Carole G. Miller
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

COUNSEL APPEARING AT PRETRIAL HEARING:

**Counsel Plaintiff:**     Adam Morel

**Counsel for Defendant:**     Robert Worley, Jr.

2.   JURISDICTION AND VENUE:

This Court has subject matter jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331. Plaintiff presented claims of discrimination arising under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* which all fall within the jurisdiction of this court.

    3.    <u>PLEADINGS</u>: The following pleadings and amendments were allowed:

Plaintiff filed her Complaint for damages on March 28, 2007. Flying J filed its Answer on April 24, 2007.

Flying J filed a Motion for Summary Judgment and Brief in Support on December 17, 2007. Plaintiff filed a Response in Opposition to Flying J's Motion for Summary Judgment on January 14, 2008. Flying J filed a Reply Brief in Support of its Motion for Summary Judgment on January 28, 2008.

Both parties filed their respective witness and exhibit lists on June 9, 2008.

Flying J anticipates that it will file a Motion *in Limine* seeking to exclude Plaintiff's testimony and evidence regarding the substance of her allegations of sexually harassment. This court granted Flying J's Motion for Summary Judgment on Plaintiff's sexual harassment claim and that claim is no longer pending.

    4.    <u>CONTENTIONS OF THE PARTIES</u>:

    (a)    The plaintiff

Milissa Jones contends the Defendant unlawfully retaliated against her for reporting sexual harassment by terminating her on April 21, 2006.

On March 30, 2006, Ms. Jones reported to the Defendant's General Counsel, Kelly Lowrey, through a letter from her lawyer, that she was being sexually harassed by her immediate supervisor, Butch Jacobs. In so doing, Ms. Jones described that Jacobs had frequently directed sexually charged language toward her and had touched her in offensive ways. In the same communication, Ms. Jones reported an incident in which Jacobs, Keith Staples and Kerry Lake, all company managers, had visited a strip club together while in Texas for company training. Lake is Staples' boss and was Ms. Jones' second line supervisor as District Manager.

The Defendant immediately began an investigation of Ms. Jones' complaints. Pursuant to instructions from Lowrey, acting manager Staples and Lake fired Butch Jacobs shortly thereafter.

On April 18th and 19th, the company conducted an investigation of Ms. Jones' complaints which involved interviews with at least 11 employees at the location where Ms. Jones and Jacobs worked. During this period of time, Staples was in charge of operations at the location and was having daily conversations with Lake.

On April 20th, through correspondence faxed to the Defendant by her lawyer, Ms. Jones reported to Lowrey that she was being retaliated against in various ways by store employees after having reported Jacobs' conduct. The following day, on April 21st, in consultation with Lowrey, Lake and the company HR Director, Keith

Lake fired Ms. Jones claiming she was being fired for excessive absenteeism between April 12th and 21st. The Defendant later added that Ms. Jones was not adequately communicating with management during this time.

Ms. Jones was absent on April 12th due to sickness in her family. The Defendant granted her that day off. Ms. Jones was unable to work on April 14th, 18th, 19th and 20th due to complications which jeopardized her pregnancy. Ms. Jones contacted the Defendant multiple times during this period, specifically including April 12th, 14th, 18th and 19th to inform them that she would be unable to work. On the 19th, she called and reported her condition to the Defendant and stated that she was waiting on test results. When Staples called to terminate her at 9:15 on the morning of April 21st. Ms. Jones told him she was absent due to her medical condition, about which the company was aware, and that she could provide a written medical excuse. Staples terminated her nonetheless.

At the time she was terminated, salaried employees like Ms. Jones were eligible for sick leave with pay. In addition, the Defendant had a written absenteeism policy requiring an employee to complete an application for sick leave in order to have the amount of leave determined and approved. The policy also called for a performance evaluation and disciplinary action if the employee incurred excessive absences. Because she had never missed more than five consecutive days, Ms. Jones never

filled out an application for leave. Prior to being fired, Ms. Jones was never disciplined for absences (or for any other reason), nor had she received sick leave with pay or a performance evaluation.

(b)   The defendant(s)

As a result of the Court's rulings on Flying J's Motion for Summary Judgment, the only claim that remains at issue is Plaintiff's allegation that that she was discharged in retaliation for having complained that she was sexually harassed.

Flying J contends that the supervisor who terminated Plaintiff did so for a legitimate, non-discriminatory reason without any knowledge that Plaintiff had complained of sexual harassment - - meaning Plaintiff cannot prove she was terminated because she had complained.

Plaintiff never complained to Flying J herself that her supervisor, Mr. Butch Jacobs, was harassing her sexually. However, on March 30, 2006, her lawyer, Adam Morel, sent a letter of complaint to Flying J's General Counsel's Office on her behalf, claiming that Mr. Jacobs has sexually harassed her.

Flying J began its investigation of this complaint immediately. Mr. Jacobs was not present at Plaintiff's travel plaza at the time the complaint was logged, as he was in Utah at Flying J's Corporate Headquarters conducting training. In fact, Plaintiff and Mr. Jacob never again worked together at any Flying J travel plaza.

Flying J fired Mr. Jacobs for the stated reason of misrepresentation during an investigation on April 10, 2006. Plaintiff remained employed with Flying J.

In the subsequent weeks, Plaintiff did not work as scheduled, missing several days of work. When Plaintiff called in to give notice that she would not work as scheduled, she indicated that she did not know when she would be able to return to work.

During the relevant time period, District Accounting Manager Keith Staples was responsible for operating the Travel Plaza. He had the authority to discipline employees, up to and including termination of employment. Plaintiff missed work on April 13, 2006 through April 21, 2006, so Mr. Staples terminated Plaintiff for excessive absenteeism.

Flying J contends that it terminated Plaintiff's employment because of excessive absenteeism. This reason was a legitimate, nondiscriminatory reason for her discharge. Flying J denies that Mr. Staples knew that Plaintiff had complained to management that she had been sexually harassed. While Mr. Staples knew that an investigation of some kind was being conducted, he did not know that it was the result of any sexual harassment complaint that Plaintiff had made.

Flying J further denies that Plaintiff's co-workers retaliated against her following her complaint against Mr. Jacobs. Moreover, Flying J cannot be held

vicariously liable for the acts of her co-workers unless Flying J management knew of the actions, but failed to stop them. Plaintiff cannot establish causation for this particular claim. Notably, Plaintiff failed to report that the alleged behavior was in response to her complaint about Mr. Jacobs. Since Plaintiff cannot prove that she did not put management on notice that co-workers' behavior was in response to Plaintiff's complaint about Mr. Jacobs, then Flying J cannot be liable for retaliation by failing to intervene.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

a. Flying J hired Milissa Jones on December 8, 2005.

b. Flying J terminated Ms. Jones on April 21, 2006.

c. Flying J is an employer as defined by Title VII of the Civil Rights Act of 1964, as amended.

d. Upon being hired Ms. Jones received a Flying J employee handbook, entitled Retail/Interstate Operations Employee Handbook.

e. The Retail/Interstate Operations Employee Handbook contains Flying J's prohibition against harassment and discrimination.

f. On March 30, 2006, Ms. Jones's attorney sent a letter of complaint to Flying J's General Counsel on Ms. Jones's behalf, reporting that Ms. Jones's supervisor, Butch Jacobs, had sexually harassed her.

g.  On April 21, 2006, Keith Staples discharged Ms. Jones stating the reason was excessive absenteeism.

It is ORDERED that:

1. The jury selection and trial of this case, which is to last 2-3 days, is set for July 28, 2008, at 10:00 a.m., in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. A trial docket will be mailed to counsel for each party approximately ten days prior to the start of the trial term.

3. The parties shall file any requested voir dire questions, motions in limine fully briefed, and proposed jury instructions and proposed verdict forms with legal citations thereon, on or before July 14, 2008.

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before July 21, 2008.

5. The parties shall jointly prepare and submit to chambers on or before July 21, 2008, two copies of a three-ringed binder of pre-marked exhibits. The binder shall contain joint exhibits (*i.e.*, those exhibits that are relevant, not subject to objections, and certain to be introduced at trial); plaintiff's exhibits; and defendant's exhibits. On the same date, the parties shall jointly prepare and submit to chambers

three copies of the exhibit list, which shall delineate all objections and responses to objections. The parties shall direct questions about this procedure to the law clerk assigned to the case.

6. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

7. The parties shall notify chambers of the undersigned on or before July 14, 2008, regarding any mediation efforts undertaken.

8. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 14) entered by the court on May 16, 2008.

9. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

DONE this 2nd day of July, 2008.

      /s/  W. Keith Watkins  
UNITED STATES DISTRICT JUDGE