# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MILISSA JONES** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:07 CV273-WKW** |
| | ) | |
| **FLYING J, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## PLAINTIFF'S PROPOSED JURY CHARGES
---

The Plaintiff requests that the Court instruct the jury with the following charges.

INSTRUCTION NO. 1.

INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority:  Federal Jury Practice and Instructions § 104.20 (West 2002).


GIVEN:                           _____
GIVEN AS MODIFIED:   _____
REFUSED:                       _____
WITHDRAWN:               _____

INSTRUCTION NO. 2.

RETALIATION

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act prohibiting sexual harassment in the workplace.

You are instructed that those laws prohibiting sexual harassment in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.   The Plaintiff must prove by each element of her claim by a preponderance of the evidence.   A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claim is more likely true than not true.   The claims the Plaintiff must prove are:

First:        That she engaged in statutorily protected activity;

Second:        That an adverse action then occurred;

Third:        That the adverse action was causally related to the Plaintiff's statutorily protected activities; and

Fourth:        That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to

answer a series of questions concerning each of these factual issues.]

For an adverse action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Authority:   11th Circuit Pattern Jury Instruction No.: 1.9.3 modified per Burlington Northern & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006); Eleventh Circuit Jury Charge, Basic 6.1

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

INSTRUCTION NO. 3.

ADVERSE ACTION

To prove she suffered an "adverse action" for purposes of the retaliation claim,

Plaintiff must show that a reasonable employee would have found the challenged

action materially adverse, which in this context means it well might have dissuaded

a reasonable worker from making or supporting a charge of discrimination.  The

Parties have stipulated or agreed that Ms. Jones was terminated by Flying J.

Authority:  Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405,

2415 (2006).

GIVEN:                          _____
GIVEN AS MODIFIED:   _____
REFUSED:                       _____
WITHDRAWN:              _____

INSTRUCTION NO. 4.

PROTECTED ACTIVITY

Sending a letter to the company which reports sexual harassment is protected

activity.

Authority: Shannon v. Bellsouth Telecom. Inc., 292 F.3d 712, 715, n.2 (11th Cir. 2002).

GIVEN:                           _____
GIVEN AS MODIFIED:     _____
REFUSED:                       _____
WITHDRAWN:                _____

INSTRUCTION NO.  5

Causal Relation

_____ To establish a causal connection between the adverse action and the protected conduct, Ms. Jones  must show that the decision makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated.  This awareness may be established by circumstantial evidence.  A Plaintiff satisfies this element if she provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action.

Authority:  *Farley v. Nationwide Mut. Ins.,* 197 F. 3d 1332 (11th Cir. 1999).  See *Clover v. Total System Services,* 176 F.3d 1346, 1354 (11th Cir. 1999); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163-64 (11th Cir. 1993); *Gupta v. Florida Board of Regents,* 212 F.3d 571, 590  (11th Cir. 2000).

GIVEN:                              _____
GIVEN AS MODIFIED:  _____
REFUSED:                         _____
WITHDRAWN:                 _____

INSTRUCTION NO. 6

<u>DEFENDANT'S PROFFERED EXPLANATION OF EXCESSIVE ABSENCES</u>

One way a plaintiff may succeed in establishing discrimination or retaliation is by showing that the employer's proffered explanations are not credible.  If you find the defendant's reasons for terminating Ms. Jones are not worthy of belief, you may infer that it acted for the reasons urged by Ms. Jones

Authority:  <u>Cleveland v. Home Shopping Network</u>, 2004 WL 1050865 (11th Cir., May 11, 2004).

GIVEN:                          _____
GIVEN AS MODIFIED:  _____
REFUSED:                      _____
WITHDRAWN:             _____

INSTRUCTION No. 7

Circumstantial Evidence of Retaliation

When a company has clearly established policies, procedures and rules, the company's failure to follow those policies, procedures, and rules can amount to circumstantial evidence of retaliation.

Authority: Morrison v. Booth, 763 F.2d 1366, 1373-74 (11th Cir. 1985)

GIVEN:                           _____
GIVEN AS MODIFIED:   _____
REFUSED:                       _____
WITHDRAWN:               _____

INSTRUCTION NO. 8

<u>Mixed Motive</u>

If you find it more likely than not that Ms. Jones' complaints about sexual harassment were a motivating factor in the action of the defendant Flying J in firing her, then the plaintiff is entitled to your verdict, unless you find that Flying J has carried its burden to prove that the company would have fired Ms. Jones even if she had never made any complaints about sexual harassment.

The term "motivating factor" means a consideration that moved Flying J towards its decision to fire Milissa Jones.

Authority:  42 U.S.C. § 2000e-2(m); <u>Desert Palace Hotel, Inc. v. Costa</u>, 123 S.Ct. 2148, 2152 (2003).  Adapted from O'Malley, *Federal Practice and Instructions*, §§170.32, 170.51 (5th Ed., West Group 2000).

GIVEN:  _____
GIVEN AS MODIFIED:  _____
REFUSED:  _____
WITHDRAWN:  _____

INSTRUCTION NO. 9

RESPONDEAT SUPERIOR

Defendant, Flying J is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

Authority:  Federal Jury Practice and Instructions § 173.25 (April 2002).

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

INSTRUCTION NO. 10

DAMAGES – IN GENERAL

The fact that I am instructing you on the proper measure of damages should not be considered as an indication that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find that the plaintiff is entitled to damages in accord with the other instructions.

However, if you find in favor of plaintiff on her claim, you must award them such sum as you find will fairly and justly compensate her for any damages you find she sustained as a direct result of the defendant's wrongful conduct. I will now explain to you some matters applicable to all of your determinations of damages.

In arriving at the amount of damages on a claim, you cannot establish a figure by taking down the estimate of each juror as to damages and agreeing in advance that the average of those estimates shall be your award of damages for that claim. Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture. However, the amount, if any, you assess for items of non-economic damages, such as damages for emotional distress, cannot be measured by an exact or mathematical standard. A plaintiff does not need to introduce evidence of the monetary value of such elements of damages. You must use your sound judgment based upon an impartial consideration of the evidence to determine the amount of

damages, if any, for emotional distress.

You must not award actual damages on a claim by way of punishment or through sympathy. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against any of the parties. The amount you assess for any item of damage must not exceed the amount caused by the wrongful conduct of the defendant as proved by the evidence.

You must award the full amount for any item of damages that plaintiff has proved. Therefore, if you find plaintiff has proved damages for emotional pain and suffering on their claim, you must award all damages for emotional pain and suffering that were a direct result of the discrimination.

_____ Authority:  Guthrie v. J. C. Penney Co., Inc., 803 F.2d 202, 208 (5th Cir. 1986). See also Smith v. Office of Personnel Management, 778 F.2d 258, 263 (5th Cir. 1985), cert. denied, 476 U.S. 1105 (1986); Loeb v. Textron, Inc., 600 F.2d 1003, 1022 (1st Cir. 1979); Walker v. Petite Construction Co., 605 F.2d 128, 130 (4th Cir. 1079); Vasquez v. Eastern Airlines, Inc., 579 F.2d 107 (1st Cir. 1978).

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

INSTRUCTION NO. 11

BACK PAY

If you determine that the defendant discriminated against the plaintiff in retaliating against her, then you must determine the amount of damages that the defendant has caused the plaintiff to suffer.

You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, and negative tax consequences for assessing them damages in one year, taking into consideration any increases in salary and benefits, including pension that the plaintiff would have received had she not been discriminated against.  This is called back pay.  You may further consider and include wage increases Ms. Jones may have reasonably been expected to receive had she not been terminated and negative tax consequences for assessing her damages in one year. You may award an amount to offset the increase in income tax.  Basically, you have the ability to make the plaintiff whole for any wages or other benefits that she has lost as a result of her termination.

In addition to back pay, Ms. Jones may also be entitled to front pay and loss of benefits including any pension, if you find in favor of her.

You shall deduct any earnings received by the plaintiff from this or other employers since the termination.

Authority:  Willie Mae Barlow Davis v. Commissioner, 210 F.3d 1346 (11th Cir.

2000); <u>Lorillard v. Pons</u>, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); <u>Faris v. Lynchburg Foundry</u>, 769 F.2d 958 (4th Cir. 1985); <u>Blim v. Western Electric Co.</u>, 731 F.2d 1473 (10th Cir. 1984).  <u>See also</u> Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §§104.05, 104.06, 104A.11 (1987 & Supp. 1993).

GIVEN:                         _____
GIVEN AS MODIFIED:     _____
REFUSED:                      _____
WITHDRAWN:               _____

INSTRUCTION NO. 12

FRONT PAY

You shall also calculate separately, as future damages, a monetary amount equal to the present value of wages and benefits that the plaintiff would have earned had she not been terminated from the date of your verdict until the date when the plaintiff would have voluntarily resigned or obtained other employment.

Authority:  Maxfield v. Sinclair International, 766 F.2d 788 (3[d] Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3[d] Cir. 1987).  See also Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §§104.05, 104.06, 104A.11 (1987 & Supp. 1993).

GIVEN:                           _____
GIVEN AS MODIFIED:   _____
REFUSED:                       _____
WITHDRAWN:               _____

INSTRUCTION NO. 13

EFFECT OF INCOME TAXES RECOVERY OF TAKE-HOME PAY

Under the law, any award made to the Plaintiff in this case for past or future lost earning is subject to federal and state income tax.   You may award an additional amount to offset the increase in income tax.

Authority:  Willie Mae Barlow Davis v. Commissioner, 210 F.3d 1346 (11th Cir. 2000); Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blim v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984).   See also Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §§104.05, 104.06, 104A.11 (1987 & Supp. 1993).

GIVEN:                        _____
GIVEN AS MODIFIED:   _____
REFUSED:                    _____
WITHDRAWN:            _____

INSTRUCTION NO. 14

Compensatory Damages

A plaintiff may be awarded damages to compensate for intangible, psychological injuries, such as emotional anguish, damage to her professional reputation, embarrassment, humiliation and inconvenience. You the jury may infer from the circumstances that the plaintiff suffered compensatory damages. A plaintiff may prove she is entitled to compensatory damages by her own testimony.


Authority: Akouri v. State of Florida Department of Transportation, ____ F. 3d ___ (11th Cir., May 11, 2005); Ferrill v. Parker Group, Inc., 168 F.3d 468, 476 (11th Cir. 1999); Marable v. Walker, 704 F.2d 1219, 1220-21 (11th Cir. 1983); 42 U.S.C. § 1981a.

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

INSTRUCTION NO. 15

PUNITIVE DAMAGES

Title VII authorizes an award of punitive damages when a plaintiff shows the defendant engaged in discriminatory conduct with malice or reckless indifference to the plaintiff's federally protected rights. To be entitled to punitive damages a plaintiff must first show the employer acted with knowledge that its actions may have violated federal law.

A plaintiff may satisfy this element by demonstrating that the relevant individuals knew of or were familiar with the anti-discrimination laws and the employer's policies for implementing those laws.

Once a plaintiff has established that the defendant or its employees acted in reckless disregard of her federally protected rights, she must establish a basis for imputing liability to the employer.

Authority: 42 U.S.C. § 1981a(b)(1); Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S.Ct. 2118, 2124 (1999); Bruso v. United Airlines, 239 F.3d 848, 857 (7th Cir. 2001).

GIVEN:                          _____
GIVEN AS MODIFIED:   _____
REFUSED:                     _____
WITHDRAWN:             _____

INSTRUCTION NO. 16

<u>MALICE OR RECKLESS INDIFFERENCE</u>

The employer must act with "malice or with reckless indifference to the plaintiff's federally protected rights. The terms "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

Authority:  <u>Kolstad v. American Dental Ass'n,</u> 527 U.S. 526, 535, 119 S.Ct. 2118, 2124 (U.S.,1999); 42 U.S.C. § 1981a(a)(1). 42 U.S.C. § 1981a(b)(1).


GIVEN:                      _____
GIVEN AS MODIFIED:    _____
REFUSED:                  _____
WITHDRAWN:            _____

INSTRUCTION NO. 17

PUNITIVE DAMAGES

Although an employer's egregious misconduct is evidence of employer's "malice" or "reckless indifference" to an employee's federally protected rights, an employee is not limited to evidence of the employer's egregious misconduct to establish requisite intent necessary to award punitive damages in Title VII actions.

Authority:   42 U.S.C.A. § 1981a(b)(1);   Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S.Ct. 2118 (U.S.,1999).


GIVEN:                          _____
GIVEN AS MODIFIED:   _____
REFUSED:                       _____
WITHDRAWN:                 _____

INSTRUCTION NO. 18

<u>PUNITIVE DAMAGES</u>

A plaintiff may also establish that the defendant acted with reckless disregard for her federally protected rights by showing that the defendant's employees lied, either to the plaintiff or to the jury, in order to cover up their discriminatory actions.

Authority:   <u>Bruso v. United Airlines, Inc.,</u> 239 F.3d 848, 857 -861 (C.A.7 (Ill.),2001) <u>citing Passantino v. Johnson & Johnson Consumer Prods., Inc.,</u> 212 F.3d 493, 516 (9th Cir.2000).

GIVEN:                      _____
GIVEN AS MODIFIED:   _____
REFUSED:                  _____
WITHDRAWN:            _____

INSTRUCTION NO. 19

PUNITIVE DAMAGES

Although the implementation of a written or formal anti-discrimination policy is relevant to evaluating an employer's good faith efforts at Title VII compliance, it is not sufficient in and of itself to insulate an employer from a punitive damages award. Otherwise, employers would have an incentive to adopt formal policies in order to escape liability for punitive damages, but they would have no incentive to enforce those policies. Although the purpose of Title VII is served by rewarding employers who adopt anti-discrimination policies, it would be undermined if those policies were not implemented, and were allowed instead to serve only as a device to allow employers to escape punitive damages for the discriminatory activities of their managerial employees.

Authority:  Bruso v. United Airlines, Inc., 239 F.3d 848, 857 -861 (C.A.7 (Ill.), 2001).

GIVEN:                            _____
GIVEN AS MODIFIED:    _____
REFUSED:                       _____
WITHDRAWN:               _____

Respectfully submitted,


*/s/ Adam P. Morel*
Adam P. Morel
Attorney for Plaintiff


**OF COUNSEL:**

**LAW OFFICES OF ADAM MOREL, P.C.**
517 Beacon Parkway West
Birmingham, Alabama   35209
Phone:  (205) 252-8841
Fax:  (205) 252-3727
E-mail:  adam@morellawfirm.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


*/s/ Adam P. Morel*
OF COUNSEL