**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MILISSA JONES** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO. 2:07cv273-WKW** |
| | * | |
| **FLYING J, INC.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Flying J Inc., which in accordance with this Court's Scheduling Order proposes the attached Proposed Jury Instructions for the trial of Plaintiff, Milissa Jones' claims.

Respectfully submitted,

 /s/Olivia S. Regard
Olivia S. Regard (La. Bar No. 27114)
**Jones, Walker, Waechter, Poitevent,**
  **Carrère & Denègre, L.L.P.**
500 Dover Boulevard, Ste. 120
Lafayette, Louisiana  70503
Telephone:  (337) 406-5613
Facsimile:  (337) 406-5620
Email:  oregard@joneswalker.com

and

Robert B. Worley, Jr. (La. Bar No. 17212)
**Jones, Walker, Waechter, Poitevent,**
  **Carrère & Denègre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:   (504) 582-8015
Email: rworley@joneswalker.com

{L0037433.3}

        and

        Carole G. Miller
        **Maynard Cooper & Gale, P.C.**
        1901 Sixth Avenue North
        2400 AmSouth/Harbert Plaza
        Birmingham, Alabama 35203
        Telephone: (205) 254-1096
        Facsimile: (205) 254-1999
        Email: cmiller@maynardcooper.com

        *Counsel for Defendant, Flying J Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of July 2008, a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF system. Notification of filing will be sent to the following:

Adam P. Morel
Law Offices of Adam Morel, LLC
517 Beacon Parkway West
Birmingham, AL 35209-3107

        /s/Olivia S. Regard

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1.**

### Consideration of the Evidence

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.[1]

---

[1] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Basic Instructions § 2.2 (2005).

{L0037433.3}                                                                 4

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2.**

### **Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil suit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a fair and just verdict.[2]

---

[2] *Modern Federal Jury Instructions*, 71-10 (2005).

{L0037433.3}                                    5

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3.**

### **Plaintiff and Defendant Equal**

In this case, Defendant is a corporation, so I must impress upon you that this fact does not, and cannot, have any bearing whatsoever in your decision in this case. All Defendants and all Plaintiffs stand equal before the law, whether they be people or organizations. It is your sworn duty to decide this case on its merits and to have due regard that this case is between parties of equal standing before the law, who are entitled to be treated as equals in a court of justice. In other words, the fact that Plaintiff is an individual and Defendant is a corporation has no bearing, one way or the other, on the merits of this case. You must decide this case on its merits, and solely on its merits, without regard for the identity of the parties.[3]

---

[3] Devitt, Blackmar, and Wolff, *Federal Jury Practice and Instructions*, 5th Ed. § 71.04.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4.**

### **What Is And What Is Not Evidence**

The evidence which you are to consider in this case consists of the testimony of the witnesses, the exhibits, and any facts admitted or agreed to by counsel with respect to whether Plaintiff was treated lawfully or not.

Statements, arguments, and opinions of counsel are not evidence in the case. However, if the parties' attorneys stipulate to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.[4]

You must not speculate to be true any insinuations suggested by a question asked a witness. A question is not evidence and may be considered only as it applies meaning to the answer.

You must disregard any evidence to which an objection was sustained by the Court and any evidence ordered stricken by the Court.

---

[4] *See, e.g., Feazell v. Tropicana Prods., Inc.,* 819 F.2d 1036, 1040 (11th Cir.1987).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5.**

### **Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?[5]

---

[5] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Basic Instructions § 3 (2005).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6.

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[6]

---

[6] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Basic Instructions § 4.1 (2005).

{L0037433.3}                              9

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7.**

### **Burden of Proof**

In this case, it is the responsibility of Plaintiff to prove every essential part of her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider, unless otherwise instructed, the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant as to that claim. [7]

Defendant denies that Plaintiff was retaliated against.  Defendant has no burden to disprove the claims of Plaintiff because, as I already stated, it is Plaintiff who has the burden to prove her claim.

---

[7]     Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Basic Instructions § 6.1 (2005).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8.**

### **Plaintiff's Burden of Proof - Retaliation**

Plaintiff claims that Defendant retaliated, that is, took revenge against her because she complained of sexual harassment while she was still employed by Flying J. Although there is no dispute that she complained of sexual harassment, you are not asked to decide whether or not she was actually sexually harassed as you are only to decide whether she was retaliated against simply because she complained.

In order to establish the claim of retaliation, Plaintiff must prove by a preponderance of the evidence:

First: Plaintiff complained of sexual harassment;

Second: Plaintiff was subjected to an adverse action at the time, or after, the protected conduct occurred; and

Third: There was a causal connection between the materially adverse action and Plaintiff's complaint of harassment.

Concerning the first element, Plaintiff need not prove the merits of his complaint of harassment, only that she was acting under a good faith belief that her rights were violated.

An employee is protected from retaliation that produces an injury or harm. Thus, not everything that makes an employee unhappy qualifies as a "materially adverse" action. Rather, the term "materially adverse" means that the action allegedly taken by Defendant was serious enough that it would have discouraged a reasonable worker from making or supporting a charge. If an employee repeatedly uses available means to supplement, expand, and pursue allegations of discrimination, she cannot prove that he suffered an adverse employment action.

Regarding the third element, for an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse

employment action would not have occurred. Or, stated another way, it must be shown that Plaintiff's complaint was a substantial, motivating cause that made a difference in Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in favor of Plaintiff with respect to each of the facts that she must prove, you must then decide whether Defendant has shown by a preponderance of the evidence that Plaintiff would have been dismissed for other reasons even in the absence of her complaint of harassment. If you find that Plaintiff would have been dismissed for reasons apart from her complaint, then your verdict should be for Defendant.[8]

---

[8] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Federal Claims Instructions § 1.10.3 (2005); *Gupta v. Florida Bd. Of Regents*, 212 F.3d 571, 587 (11th Cir. 2000); *Sykes v. Pennsylvania State Police*, 2007 WL 141064, *7 (E.D. Pa. Jan. 17, 2007).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9.**

### **The Jury Cannot Substitute Its Judgment for That of Management**

You are not to be influenced by whether or not you believe Defendant's decisions were correct or fair. An employer is entitled to make its own subjective judgments in conducting its business. You may not substitute your judgment for that of Defendant even though you may have acted differently or arrived at a different decision. It is not your responsibility to decide whether or not Defendant used correct methods, made correct business decisions, or even made fair decisions. An employment decision may be unfair yet not be evidence of retaliation under the law. You are simply to decide whether or not Defendant's reasons for its actions were a cover-up for intentional retaliation.[9]

---

[9] *Chenault v. Ameripride Linen and Apparel Services,* 188 Fed.Appx. 974 (11th Cir.2006); *Rojas v. Florida,* 285 F.3d 1339, 1342 (11th Cir.2002).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10.**

### Vicarious Liability

Defendant cannot be held vicariously liable for the adverse action committed by Plaintiff's co-workers unless Plaintiff notified Defendant of the co-workers' actions, the actions were in response to her complaint of harassment, and Defendant's management failed to stop them.[10]

---

[10] *Olson v. Lowe's Home Ctrs., Inc.*, 130 F. App'x 380 (11th Cir. 2005).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11.**

### **Liability versus Damages**

The Court instructs you that there are two separate questions to be decided in this case regarding Plaintiff's claims:

First, the question of whether Plaintiff has proven by a preponderance of the evidence that Defendant is liable to her for retaliation; and

Second, if Plaintiff has proven Defendant is liable to her, then the next question is what amount, if any, of Plaintiff's damages were caused by such retaliation.

These questions are separate and distinct, and in reaching your verdict, you must first consider the question of liability. Only if you find that Plaintiff has proven, by a preponderance of the evidence, that Defendant terminated Plaintiff's employment because of her complaint of harassment can you consider the question of damages. It is not proper for you to compromise your verdict between questions of liability and damages. Therefore, if you find that Defendant is not liable to Plaintiff for retaliation, you must return a verdict in favor of Defendant without regard to what Plaintiff's damages may be.[11]

---

[11] *Yarbrough v. Strum, Strum. Ruger & Co.*, 964 F.2d 376, 378-80 (5th Cir. 1992); *Loague v. Super Sagless Corp.*, No. EC89-85-S-D (N.D. Miss. 1990), *aff'd*, 966 F.2d 1447, *cert. denied*, 506 U.S. 974 (1992); *In re Bendectin Litigation*, 857 F.2d 290, 296 (6th Cir. 1986).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12.

### Damages (Generally)

Plaintiff is not entitled to recover damages simply because Defendant has more resources than she.  Furthermore, Plaintiff is not entitled to damages simply because she filed a lawsuit or because she says she is entitled to recover.  Instead, Plaintiff must prove by a preponderance of the evidence each element of her retaliation claim and also that she suffered damages as a result of a proven violation.[12]

---

[12]   *McLaughlin v. Esselte Pendaflex Corp.* 50 F.3d 507, 511 (8th Cir. 1995); *Molnar v. Ebasco Constructors, Inc*. 986 F.2d 115, 119 (5th Cir.1993); *Elliot v. Group Medical & Surgical Services*, 714 F. 2d 556, 564 (5th Cir. 1983); *writ denied*, 467 U.S. 1215 (1984).

{L0037433.3}                                                    16

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13.**

### **Damages**

If you find for the Plaintiff and against the Defendant, you must then decide the issue of Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   emotional pain and mental anguish; and

(b)   punitive damages, if any. [13]

---

[13]   Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Federal Claims Instructions § 1.2.1 (2005).

{L0037433.3}                                17

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14.

## Punitive Damages

A violation of the Federal law alone is not sufficient to entitle Plaintiff to recover punitive damages. Rather, Plaintiff must show by clear and convincing evidence, in addition to the violation, that Defendant acted in a malicious fashion toward her or with reckless indifference. This means that to receive punitive damages, Plaintiff must prove Defendant was aware it was acting in violation of Federal law.

If you find for Plaintiff, and if you further find that Defendant did act with malice or reckless indifference to Plaintiff's rights, the law would allow you, in your discretion, to assess punitive damages against Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish a defendant for the specific conduct that harmed the plaintiff in the case and <u>for only that conduct</u>. For example, you cannot assess punitive damages for a defendant being a distasteful individual or business. Punitive damages are meant to punish a defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish Defendant for the actions it took in this particular case.[14]

---

[14] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Supplemental Damages Instructions § 2.1 (2005).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15.**

### **Duty to Mitigate**

(In the alternative - if the court decides to submit the backpay claim to the jury rather than have the court decide that.)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. This means that Plaintiff has the duty to seek employment substantially equivalent to the job she had with Defendant. To be substantially equivalent, such employment must afford virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. If you find that Plaintiff has not used reasonable diligence to obtain substantially equivalent employment from sources other than Defendant, then you cannot award Plaintiff back pay damages for that period of time.

So, if you should find from a preponderance of the evidence that Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Plaintiff's damages by the amount that could have been reasonably realized if she had taken advantage of such opportunity.[15]

---

[15] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Supplemental Damages Instructions § 1.1 (2005).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16.**

### **Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.[16]

---

[16] Eleventh Circuit Pattern Jury Instructions, (Civil Cases), Basic Instructions § 7.1 (2005).

{L0037433.3}                                        20