UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MILISSA JONES,** | \* |
| **Plaintiff,** | \* |
| versus | \*   CASE NO: 2:07 CV273-WKW |
| **FLYING J, INC.** | \* |
| **Defendant**. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FLYING J INC.'S MOTION *IN LIMINE*

NOW INTO COURT, through undersigned counsel, comes Defendant, Flying J Inc. ("Flying J"), and respectfully moves this Honorable Court to exclude certain documentary evidence and testimony from trial as set forth below:

(1) Flying J seeks to prevent Plaintiff, Milissa Jones, from introducing any testimony or documentary evidence that reveals or sets forth the specific allegations of sexual harassment – a claim that was dismissed on summary judgment. Flying J respectfully suggests that exclusion of such evidence is appropriate pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

(2) Flying J also seeks to prevent Plaintiff from introducing evidence of alleged wage loss in the presence of the jury as such issue is an equitable one for the Court to decide, not the jury.

(3) Flying J seeks to prohibit Plaintiff and her counsel from referring to Flying J's trial counsel as "New Orleans counsel," "Louisiana counsel," or any phrase indicating that

Flying J's trial counsel are from out-of-state, on the grounds that such representations are irrelevant and unfairly prejudicial

  (4) Plaintiff should be prevented from offering any evidence about what "cashiers" told her regarding the reaction of Flying J managers or employees to her complaint of sexual harassment, as such would be hearsay under Federal Rule of Evidence 801.

            Respectfully submitted,

             s/Olivia S. Regard
            Olivia S. Regard (La. Bar No. 27114)
            **Jones, Walker, Waechter, Poitevent,**
             **Carrère & Denègre, L.L.P.**
            500 Dover Boulevard, Ste. 120
            Lafayette, Louisiana 70503
            Telephone: (337) 406-5613
            Facsimile: (337) 406-5620
            Email: oregard@joneswalker.com

            and

            Robert B. Worley, Jr. (La. Bar No. 17212)
            **Jones, Walker, Waechter, Poitevent,**
             **Carrère & Denègre, L.L.P.**
            201 St. Charles Avenue, 47th Floor
            New Orleans, Louisiana 70170-5100
            Telephone: (504) 582-8000
            Facsimile: (504) 582-8015
            Email: rworley@joneswalker.com

            and

            Carole G. Miller
            Audrey Dupont
            **Maynard Cooper & Gale, P.C.**
            1901 Sixth Avenue North
            2400 AmSouth/Harbert Plaza
            Birmingham, Alabama 35203
            Telephone: (205) 254-1096
            Facsimile: (205) 254-1999
            Email: cmiller@maynardcooper.com

            ***Counsel for Defendant, Flying J Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of July, 2008, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                                      s/Olivia S. Regard
                                                      Olivia S. Regard

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILISSA JONES, | * |
| | * |
| Plaintiff, | * |
| | * |
| versus | *   CASE NO: 2:07 CV273-WKW |
| | * |
| FLYING J, INC. | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**BRIEF IN SUPPORT OF FLYING J INC.'S MOTION *IN LIMINE***

**I.    INTRODUCTION**

Plaintiff, Milissa Jones, filed this lawsuit against her former employer, Flying J. Plaintiff claimed that her immediate supervisor, General Manager Butch Jacobs, sexually harassed her and that Flying J terminated her employment because her lawyer, Adam Morel, complained to the company on her behalf. Flying J filed a motion for summary judgment on both claims. The Court granted Flying J's motion in part and denied it in part. (Docket 23). In response to the motion for summary judgment, Plaintiff stated that she would oppose the motion only with respect to the retaliation claim, but not with respect to the sexual harassment claim. (Docket 22). The Court ruled that the evidence and argument presented by Flying J established that Flying J took prompt remedial action and thus Flying J was entitled to summary judgment on the sexual harassment claim. (Docket 23 at p. 7). The Court further ruled that genuine issues of material fact exist regarding Plaintiff's retaliation claim. (Docket 23 at pp. 9-10). Despite this Court's ruling, Plaintiff has listed numerous trial exhibits that pertain to her sexual harassment claim. Such exhibits and testimony related to these issues should be excluded.

{L0037304.1}

Moreover, from Plaintiff's Proposed Jury Instructions, it appears Plaintiff seeks to have the jury determine whether she is entitled to an award of back pay and/or front pay as well as the amount of such back pay and front pay. Such evidence of alleged wage loss in should not be presented in the presence of the jury, as that is a matter for the Court to decide.

In addition there has been deposition testimony and evidence that Plaintiff intends to offer testimony and documentary evidence about what "cashiers" told her regarding the reaction of Flying J managers and employees to her complaint of sexual harassment. Such evidence is inadmissible hearsay under Federal Rule of Evidence 801.

Finally, Plaintiff should be prohibited from referring to Flying J's trial counsel as "New Orleans counsel," "Louisiana counsel," or any phrase indicating that Flying J's trial counsel are from out-of-state. Such statements are irrelevant and unfairly prejudical.

## II.    LAW AND ARGUMENT

### 1. Plaintiff should be not be allowed to present inadmissible evidence and testimony regarding the details of her harassment claim.

Plaintiff has listed exhibits that contain the details of Plaintiff's allegations of sexual harassment. Such details of her sexual harassment complaint against Butch Jacobs are no longer at issue and so she should not present any testimony at trial or introduce such details of such harassment through the following exhibits:

(1)    Exhibit 1: "Exhibits 1-19 of Deposition of Keith Staples"

    (a)    Staples Exhibit 1 - March 30, 2006 letter from A. Morel to Flying J's General Counsel. (FJ 0100). Flying J submits that redaction of inadmissible evidence regarding the details of the alleged harassment is necessary;

    (b)    Staples Exhibit 3 – April 20, 2006 letter from A. Morel to K. Lowrey (FJ 0109);

    (c)    Staples Exhibit 4- Memo to C. Bone from K. Lake (FJ 0011);

    (d)    Staples Exhibit 5- Email from C. Bone to S. McMillan (FJ 0008); and

    (e)    Staples Exhibit 6- Email from J. Beckman to S. McMillan (FJ 0094).

(2)    Exhibit 2- "Defendant's Response to EEOC Charge with exhibits thereto;" Redaction of parts of Flying J's Position Statement is necessary; specifically, March 30, 2006, letter from A. Morel to Flying J's General Counsel (FJ 0100);

(3)    Exhibit 3- "Plaintiff's correspondence to Defendant, March 30, 2006" (FJ 0100);

(4)    Exhibit 5- "Plaintiff's Correspondence to Defendant, April 20, 2006" (FJ 0109);

(5)    Exhibit 8 – "Lake memo to Bone, dated April 6, 2006 (FJ 0011);

(6)    Exhibit 9 - "Bone email to McMillan, dated April 7, 2006" (FJ 0010); and

(7)    Exhibit 10 – "Beckman email to McMillan, dated April 11, 2006" (FJ 0094)

All of the aforementioned exhibits concern the details of Plaintiff's sexual harassment claim that has been dismissed. See Plaintiff's Exhibit List (Docket 32). Flying J is willing to redact any excerpts from its own exhibits that happen to include the details of Plaintiff's allegations of sexual harassment she asserted against Butch Jacobs, her former manager. Such documentary evidence and testimony related to any sexual harassment should be exclude pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

Flying J asserts that any statement or evidence relating to her sexual harassment claim are not legally or logically relevant to the remaining retaliation claim. Evidence is relevant and, therefore, admissible, if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Fed.R.Evid. 401 & 402. "Relevancy …exists only as a relation between an item of evidence and a matter properly provable in the case." Fed.R.Evid. 401 advisory committee notes. When applied to this matter, it is clear that the **details** of Plaintiff's sexual harassment contained in the

evidence and anticipated testimony are not relevant and do not relate to a matter that must be proven during the trial of Plaintiff's retaliation claim.

Courts dealing with this issue have excluded similar evidence on these grounds. For example, in *Finney v. Bibb County Public Schools*, 201 Fed.Appx. 671, 673 (11th Cir. 2006), a former employee brought a sexual harassment and retaliation action against his employer. The District Court granted summary judgment on both claims; however, the Eleventh Circuit reversed as to the employee's retaliation claim. At the trial of the retaliation claim, the District Court excluded the employee's testimony regarding the details of how he was sexually harassed. The jury returned a verdict in favor of the employer. On appeal, the employee argued that the District Court abused its discretion by excluding his testimony regarding the details of the harassment. The Eleventh Circuit found no error or abuse of discretion in the District Court's decision to exclude evidence of the details of sexual harassment when the only issue for trial is the plaintiff's retaliation claim. *Id.* at 673.

Similarly, in *Easley v. American Greetings Corp.,* 158 F.3d 974 (8th Cir. 1998), a former employee sued her former employer alleging that she was terminated in retaliation for filing a sexual harassment complaint against her supervisor. The District Court granted the employer's motion *in limine* to exclude specific testimony concerning the details of the supervisor's alleged harassment of the employee. In reaching its conclusion, the Court found that the proffered evidence had little probative value because "the severity of harassment would not make it more or less likely for an employer to retaliate against an employee who complained." *Easley*, 158 F.3d at 976.

Alternatively, Flying J argues that even if the Court concludes that such evidence or statements are relevant, which Flying J disputes, the probative value of such evidence or

statements is substantially outweighed by the unfair prejudice to Flying J's rights and the risk that the jury may be misled.  Evidence is excludable "if its probative valued is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed.R.Evid. 403.  " 'Unfair prejudice'…means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed.R.Evid. 403 advisory committee notes.  The danger of unfair prejudice and confusion of the issues associated with allowing Plaintiff to introduce evidence concerning her harassment claim is clear – the jury may be swayed by their emotions regarding the alleged harassment, and award her damages due to the alleged harassment - - not due to any alleged retaliation.  Moreover, the jury would likely question why Flying J failed to present evidence contradicting the sexual harassment claim – a claim that was dismissed on summary judgment.

In *Easley*, discussed above, in addition to noting the "little probative value" of the details of the alleged harassment to the trial of the employee's retaliation claim, the Court recognized that the serious nature of the harassment presented an unfair risk of prejudice to the employer despite the company's prompt investigation of the employee's complaint of harassment.  *Id.* "Such testimony would also encourage the jury to grant the plaintiff relief on the grounds that she had suffered from [the supervisor's] conduct, <u>not because she had shown her discharge was retaliation for complaining about [the supervisor's] actions</u>."  *Id* (emphasis supplied).  *See also Bolick v. Alea Group Holdings, LTD*, 202 Fed.Appx. 474, 476 (2d Cir. 2006) (affirming district court's exclusion of employee's previously dismissed sexual harassment complaint as "unfairly prejudicial" in the trial of her retaliation claim).

In addition to the obvious unfair prejudice that would result should Plaintiff be permitted to offer testimony and evidence pertaining to the alleged harassment, permitting the introduction

of such evidence would create a trial within a trial and cause undue delay.  This Court granted summary judgment dismissing Plaintiff's sexual harassment claim, and Flying J should not have to present witnesses and evidence regarding a harassment claim that has already been dismissed.  Introducing evidence regarding this claim would constitute a collateral attack on the summary judgment ruling that determined Flying J was not liable for any sexual harassment claim.  Thus, the evidence should be excluded under Rules 401 and 403 on this basis as well.  *Elmahdi v. Marriot Hotel Services, Inc.*, 339 F.3d 645, 653-54 (8th Cir. 2003) (affirming trial court exclusion of evidence pertaining to wrongful discharge because court had already granted summary judgment on claim); *DeSanto v. Rowan University*, 224 F.Supp.2d 819, 826 (D.N.J. 2002) (granting employer's motion *in limine* to prohibit plaintiff from introducing evidence during trial of pertaining to a discrimination claim that had already been dismissed); *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2d Cir. 1989) ("Once a judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forbearing from introducing any evidence or cross-examining witnesses win regard to those claims."); *Wall v. Lotwick*, 2006 WL 1412881 (M.D. Pa. 2006) (excluding any reference to plaintiff's dismissed claims as irrelevant and potentially prejudicial).

      **2.**      **Plaintiff should be precluded from presenting evidence that contains hearsay.**

Plaintiff should not be able to testify regarding hearsay, nor should documentary evidence be presented which contains hearsay, without necessary redactions.  Specifically, Plaintiff's Exhibit 1 seeks to include Exhibits from the deposition of Keith Staples.  Exhibit 3 to Staples deposition, an April 20, 2006, letter from Adam Morel to Kelly Lowrey (FJ 0109), contains patent hearsay that should be excluded from presentation to the jury.  The letter references what various "cashiers" told Plaintiff.  Such statements are hearsay under Rule 801 of

the Federal Rules of Evidence because they would be out of court statements offered to prove the truth of the matter asserted. These cashiers are not managers, thus, any statement by them would not fall under any exception to Rule 801, specifically Rule 801(d)(2).

    **3.    Plaintiff's documentary evidence and testimony regarding her alleged back pay/or front pay should not be presented in the presence of the jury, as that is a matter for the Court to decide.**

Based on Plaintiff's Proposed Jury Instructions, it appears that Plaintiff seeks to have the jury determine whether she is entitled to and the amount of back pay and front pay. The Eleventh Circuit clearly recognizes that front pay is an equitable remedy to be decided by the Court - - not a jury. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 618 (11th Cir. 2000) ("front pay is an issue for the *trial judge*, and not the jury, to decide") (emphasis in original). Moreover, it is widely accepted that like front pay, back pay, too, is an equitable remedy to be decided by the Court. *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) ("[b]ecause a lost wages award - - whether in the form of back pay or front pay - - is an equitable remedy, a party is generally not entitled to a jury determination on the question") (emphasis removed); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1067-69 (9th Cir. 2005) (back pay is an equitable remedy to be decided by the judge, not the jury); *Johnson v. Ga. Highway Express, Inc.*, 417 f.3d 1122, 1125 (5th Cir. 1969) ("[t]he demand for back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury"); *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 (3d Cir. 2006) ("back pay remains an equitable remedy to be awarded within the discretion of the court").

> **4. Plaintiff and her counsel should be precluded from referring to Flying J's trial counsel as "New Orleans counsel," "Louisiana counsel," or any phrase indicating that Flying J's trial counsel are from out-of-state**.

Finally, Flying J seeks to prevent Plaintiff and her counsel from referring to Flying J's trial counsel as "New Orleans attorneys," "Louisiana attorneys," or by some other phrase that indicates that Flying J's trial counsel is from out-of-state. The physical location and residence of trial counsel is completely irrelevant to any issue in this case. The only purpose of any such statement would be to unfairly prejudice Flying J. As one court noted: "references made to [defendant's] corporate counsel status, its residence in another state, and its reliance on 'fine city lawyers' . . . were in extremely poor taste and were obviously designed to prejudice the jurors. **Taken alone the statements may have been prejudicial**." *Smith v. Travelers Insurance Co.*, 438 F.2d 373, 375 (6th Cir. 1971). *See also*, *Beck v. Koppers, Inc.*, 2006 WL 924040, *3 (N.D. Miss. Apr. 7, 2006) (references to the location or size of defendants' counsel's firms might be used to unfairly prejudice the defendants). Indeed, courts have granted defendants new trials based on a plaintiff's attempt to prejudice jurors by referring to the physical location of a defendant's counsel. *See City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Pappas v. Middle Earth Condominium Ass'n.*, 963 F.2d 534 (2d Cir. 1992). Accordingly, Flying J asks this Court to order Plaintiff and her counsel to refrain from referring to Flying J's counsel as "New Orleans attorneys," "Louisiana attorneys," or from making any reference to the geographic location of Flying J's counsel.

### III.   CONCLUSION

For the foregoing reasons Flying J respectfully requests that its Motion *in Limine* be granted.

Respectfully submitted,

  s/Olivia S. Regard
Olivia S. Regard (La. Bar No. 27114)
**Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.**
500 Dover Boulevard, Ste. 120
Lafayette, Louisiana  70503
Telephone:  (337) 406-5613
Facsimile:  (337) 406-5620
Email:  oregard@joneswalker.com

And

Robert B. Worley, Jr. (La. Bar No. 17212)
**Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:   (504) 582-8015
Email: rworley@joneswalker.com

and

Carole G. Miller
Audrey Dupont
**Maynard Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1096
Facsimile: (205) 254-1999
Email: cmiller@maynardcooper.com

*Counsel for Defendant, Flying J Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2008, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of filing will be sent to all counsel of record by operation of the court's electronic filing system.

  s/Olivia S. Regard
Olivia S. Regard

{L0037304.1}