# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **MILISSA JONES** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 2:07 CV273-WKW |
| | ) | |
| **FLYING J, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MILISSA JONES' RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Milissa Jones responds as follows to the Defendant's objections to her exhibit list:

1. Plaintiff's Exhibit 1 - plaintiff withdraws this exhibit because it is duplicative of exhibits individually identified and listed elsewhere in her exhibit list.

2. Plaintiff's Exhibit 2 - the Defendant's response to the EEOC is relevant and more probative than prejudicial because it goes to Defendant's defenses in this case. It was prepared and signed by its counsel, Kelly Lowrey, whose name appears on Defendant's witness list for the trial of

this case. It is also relevant to credibility in that the Defendant makes statements in the response contrary to those made under oath by its own witness Staples in deposition testimony regarding medical information provided by Ms. Jones' to Staples.

3. Plaintiff's Exhibit 2 (Ex. A) - this exhibit is relevant and more probative than prejudicial because it is evidence of protected conduct and indicates temporal proximity. Further, in this document Jones' counsel reports on her behalf the sexual misconduct of management officials, which included conduct by Keith Staples himself (who has admitted the conduct complained of in part). As such, the document is probative as to whether Staples would have been informed of plaintiff's complaints regarding activities he took part in. Any potential prejudice, which would be minimal compared to the probative value of the exhibit, can be cured merely by the Defendant proving it fired Butch Jacobs - a fact undisputed by the Plaintiff..

4. Plaintiff's Exhibit 2 (Ex. A)(Lowrey response to Plaintiff's counsel) - this exhibit is relevant and more probative than prejudicial because it shows the Defendant was communicating with Jones' counsel about her protected conduct/complaints in close temporal proximity to firing her. The author of this exhibit is listed on Defendant's witness list. The

    document also describes the Defendant's investigation as "thorough" which is relevant to the knowledge of Staples about its existence and nature.

5. Plaintiff's Exhibit 3 - this exhibit is relevant and more probative than prejudicial because it is evidence of protected conduct, indicates temporal proximity and complains about the sexual misconduct of management officials including Keith Staples (who has admitted the conduct complained of in part) which goes to the likelihood that he would have been informed of plaintiff's protected conduct in making the complaint in this letter. Any potential prejudice, which would be minimal compared to the probative value of the exhibit, can be cured merely by the Defendant proving it fired Butch Jacobs..

6. Plaintiff's Exhibit 4 - this exhibit is relevant and more probative than prejudicial because it constitutes protected conduct in the form of Jones' counsel's letter to the Defendant (Kelley Lowrey) regarding retaliation. It is also relevant to the issue of temporal proximity.

7. Plaintiff's Exhibit 6 - this exhibit is relevant and more probative than prejudicial because it shows the Defendant was communicating with Jones' counsel about her protected conduct/complaints in temporal proximity to firing her. The author of this exhibit is listed on

Defendant's witness list. The document also describes the Defendant's investigation as "thorough" which is relevant to the knowledge of Staples about its existence and nature.

8. Plaintiff's Exhibit 8 - this exhibit is relevant and more probative than prejudicial because it shows communication among management as to the subject matter of the plaintiff's protected conduct This goes to the heart of the Defendant's defense that Staples, a manager, was out of the loop and had no idea of Ms. Jones' protected conduct. It also shows the Defendant thought enough of Ms. Jones' report to follow up with at least one of the managers involved - calling into question whether it did not also follow up with Staples and inform him of Ms. Jones' protected conduct. Finally, the manager whose name appears on Jones' termination form, Kerry Lake, authored this email discussing the protected conduct and is listed on Defendant's witness list.

9. Plaintiff's Exhibit 9 - this exhibit is relevant and more probative than prejudicial because it shows communication among management as to the subject matter of the plaintiff's protected conduct This goes to the heart of the Defendant's defense that Staples, a manager, was out of the loop and had no idea of Ms. Jones' protected conduct. It also shows the Defendant thought enough of Ms. Jones' report to follow up with at

least one of the managers involved - calling into question whether it did not also follow up with Staples and inform him of Ms. Jones' protected conduct. Finally, the manager whose name appears on Jones' termination form wrote this email discussing the protected conduct.

10. Plaintiff's Exhibit 10 - this exhibit is relevant and more probative than prejudicial because it shows that management formulated an investigation plan ahead of time in connection with Ms. Jones complaints making it likely all managers planning to work in the facility at that time would be aware of the nature of the investigation. It also mentions Keith Staples by title as planning to be at the location in the same memo in which the investigation itself is discussed. This is directly relevant to the Defendant's defense in this case that Staples was not involved and had no knowledge of Ms. Jones complaints.

11. Plaintiff's Exhibit 24 - Plaintiff withdraws this exhibit.

12. Plaintiff's Exhibits 25-36 - Plaintiff withdrew these exhibits at the Pre-Trial because they are personnel file documents for improper comparators.

13. Plaintiff's Exhibit 37 - this exhibit is relevant because it is a job announcement or posting posted by the Defendant on the internet in connection with filling the Plaintiff's position as convenience store

manager.  Specifically, the timing of the initial posting on the internet by the Defendant (as compared to the date Ms. Jones was told she was terminated for absenteeism) is relevant to whether its articulated reason for terminating Ms. Jones is pretext.

Respectfully submitted,

*/s/ Adam P. Morel*
Adam P. Morel
Attorney for Plaintiff

**OF COUNSEL:**

**LAW OFFICES OF ADAM MOREL, P.C.**
517 Beacon Parkway West
Birmingham, Alabama  35209
Phone:  (205) 252-8841
Fax:  (205) 252-3727
E-mail:  adam@morellawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


/s/ Adam P. Morel
OF COUNSEL