**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MILISSA JONES** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **2:07 CV273-WKW** |
| ) | |
| **FLYING J, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**MILISSA JONES' RESPONSES TO DEFENDANT'S**
**MOTION IN LIMINE**

Milissa Jones responds as follows to the Defendant's Motion in Limine:

1. The Defendant asks the court to exclude evidence which contains details of the sexual harassment. This evidence is relevant because first, those details, and the exhibits in which they are found, constitute Ms. Jones' protected conduct which is an element of her claim of retaliation. It is axiomatic that Ms. Jones must prove that she had a reasonable belief that she had been subjected to unlawful conduct to show she engaged in protected conduct and prevail on her claim. The details of her claim show her belief was reasonable because the conduct she complained of

was sexual, unwelcome, and severe and pervasive.

Second, in light of the Defendant's primary defense that the decision maker was never made aware of the nature of Ms. Jones' allegations, the details of the harassment/complaints (especially to the extent they are set forth in the Defendant's own emails and memos on the subject) show the severity or importance ascribed to them by the Defendant itself.  Simply put, the severity of the harassment makes it more likely the Defendant would communicate the nature of the complaint to the manager it sent to the location to supervise and make decisions about the victim of the harassment.

Put another way, this evidence is  probative of whether the Defendant's witnesses from the corporate office would have informed the decision-maker of their nature and who made them.  For instance, had Ms. Jones' complaints been specious, without merit or unreasonable (i.e. if she had merely complained of a manager simply winking at her once), it is more likely than not the Defendant would not have taken them seriously and would not be expected to inform its managers on the scene of their contents.  On the other hand, had Ms. Jones made significant and severe allegations of merit (i.e. that she had been sexually assaulted in the break room by her manager), it is much more

likely that information about their nature and who had made them would be disseminated to the manager who would immediately succeed the freshly fired wrongdoer in supervising the victim. The evidence consisting of the Defendant's own memos shows the Defendant thought they were serious enough to plan and execute a comprehensive investigation and then fire the harasser - yet, according to the primary defense in this case, *not* important enough to let the next manager on the scene know about them. These emails and memos (circulating among, according to the Defendant, several management officials but *not* to the manager sent to the subject location to actually make supervisory decisions about employees including Ms. Jones), are quite probative as to the amount of time, energy and importance placed on Ms. Jones' complaints - and the likelihood the same vigor would be employed to prevent subsequent similar conduct or, as in this case, retaliation, by the new manager on the scene.

Third, one of the details in Ms. Jones' initial complaint was that the decision maker himself, Keith Staples (described by his title of District Accounting Manager in the exhibit in question), was guilty of sexually charged misconduct in visiting a strip club on a company trip with other managers. This fact is clearly probative as to whether the

Defendant would have informed Staples that this allegation (which he has admitted in deposition testimony) was made against him and of the identity of the person who made it.

Fourth, Ms. Jones is entitled to present her case to the jury in a cohesive and logical manner. Culling out factual matters which can be easily placed in proper perspective by a curative instruction prejudices Ms. Jones because it prohibits her from presenting her case in a way which makes sense to the jury and which minimizes juror questions about how her facts fit together into the totality of the circumstances of her claim.

Any potential prejudice to the Defendant can be easily cured by a curative instruction that the only claim before them is for retaliation and that they are not to base their verdict on the issue of harassment or any other issue in any way.

2. The Defendant also asks the court to exclude evidence of wage loss from the jury, arguing the Court has the responsibility to award back pay and front pay. However, Ms. Jones also seeks an award of compensatory damages for her mental anguish. This component of damages is within the exclusive province of the jury, which makes any award for the same. Evidence of wage loss is clearly relevant to the

       nature of mental anguish caused to Ms. Jones by her termination. Had she worked an hour a week for five dollars an hour prior to being fired, her worry and frustration could not be equated to a circumstance where she lost a job in which she provided over $30,000 a year to her family. Similarly, the length of time in which she remained jobless through no fault of her own is clearly relevant to the issue of compensatory damages.

3.     The Defendant seeks to exclude evidence of counsel being from out of state. Ms. Jones does not oppose this part of Defendant's motion, except to the extent the Court deems it necessary to qualify an impartial jury during its questioning in Voir Dire.

4.     Lastly, the Defendant seeks to exclude evidence concerning what Ms. Jones was told by cashiers about the reaction of the Defendant's managers to her complaints. Ms. Jones does not oppose this part of Defendant's motion and would agree to redaction of the two lines in the subject exhibit which mention this fact.

                 Respectfully submitted,

                 */s/ Adam P. Morel*
                 Adam P. Morel
                 Attorney for Plaintiff

OF COUNSEL:

**LAW OFFICES OF ADAM MOREL, P.C.**
517 Beacon Parkway West
Birmingham, Alabama   35209
Phone:  (205) 252-8841
Fax:  (205) 252-3727
E-mail:  adam@morellawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

_/s/ Adam P. Morel_
OF COUNSEL